UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CORY MESTER, on behalf
of himself and on behalf of all
others similarly situated,**

    Plaintiff,

v.                                                  CASE NO.:

**BROCKMAN SITE
DEVELOPMENT, LLC,**

    Defendant.
_____/

**CLASS ACTION COMPLAINT
(JURY TRIAL DEMANDED)**

Named Plaintiff, Cory Mester ("Plaintiff"), on behalf of himself and on behalf of all others similarly situated, files this Class Action Complaint against Defendant, Brockman Site Development, LLC ("Defendant") for violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. (the "WARN Act") (Count I) and for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), for failing to timely provide Plaintiff and similarly situated persons with a COBRA notice (Count II). In further support thereof, the Named Plaintiff alleges as follows:

**OVERVIEW OF THE WARN ACT CLAIM**

1. As for the first claim, Count I, this is a class action for the recovery by the Named Plaintiff, on his own behalf and on behalf of approximately 90 other similarly situated former employees of Defendant, seeking to recover damages in the amount of 60 days' compensation and benefits for each of them by reason of the Defendant's violation of their rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. (the "WARN Act").

2. The Named Plaintiff and the putative class members were employees of Defendant who were terminated without cause on their part on or about December 15, 2024, or within thirty days thereof, as part of or as the reasonably expected consequence of a mass layoff or plant closing, which was effectuated by Defendant on or about that date.

3. Defendant failed to provide Plaintiff and the putative class members with the sixty (60) days advance written notice that is required by the WARN Act.

4. Defendant's mass layoffs deprived Plaintiff and the putative class members "…and their families [of] some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market." 20 C.F.R. § 639.1(a).

5. Plaintiff and the putative class members are entitled under the WARN Act to recover from the Defendant their wages and benefits for 60 days.

6. Defendant will likely claim exemption from this requirement under the "unforeseeable business circumstance" exception of the WARN Act due to a lack of work/jobs.

7. Under that exception, "[a]n employer may order a plant closing or mass layoff before the conclusion of the 60-day period if the closing or mass layoff is caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required." 29 U.S.C. § 2102(b)(2)(A).

8. However, Defendant was still mandated by the WARN Act to give Plaintiff and the putative class members "as much notice as is practicable." Defendant failed to do so here. Thus, Plaintiff and the putative class members seek all remedies available to them under the WARN Act against Defendant.

## OVERVIEW OF THE ERISA CLAIM

9. As for the second claim, Count II, Plaintiff brings this Class Action Complaint against Defendant for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), by failing to timely provide Plaintiff and similarly situated persons with a COBRA notice.

10. The failure to provide a timely COBRA notice caused Plaintiff and those similarly situated putative class members whom he seeks to represent with economic injuries in the form of lost health insurance and unpaid medical bills, as well as informational injuries.

11. Defendant is the plan sponsor and/or plan administrator of a group

employee benefit plan, The Brockman Site Development Health Plan ("the Plan"), and/or similar employer-sponsored health and welfare plans that provided medical insurance for Defendant's employees through Humana, including Plaintiff, during the proposed Class Period.

## JURISDICTION

12. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 1355 and 29 U.S.C. § 2104(a)(5).

13. The violations of the WARN Act and ERISA as to the Named Plaintiff alleged herein occurred in this District.

14. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5). This District is also the proper venue for this action under 29 U.S.C. § 1132(e)(2) because it is the District in which at least one of the alleged statutory violations took place, and where Plaintiff resides.

15. This Court has personal jurisdiction over Defendant because it transacts business in this District, owns and operates a construction company in this District, and/or has significant contacts with this District.

16. Plaintiff is a former employee of Defendant and was covered through Defendant's health plan. Plaintiff was thus a participant/beneficiary in the Plan before Plaintiff's termination, which constituted a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering Plaintiff a qualified beneficiary of the Plans pursuant to 29 U.S.C. § 1167(3). Plaintiff was not terminated for gross misconduct.

## **THE PARTIES**

17. Defendant is a civil construction company that performs various construction-related work for its customers, including site clearing, earthwork, installation of underground utilities, as well as parking lot and roadway work.

18. Named Plaintiff reported to Defendant's facility located at 4000 Pipe Down Cove, Sanford, FL 32771 ("the Facility").

19. As explained above, Defendant is the plan sponsor and/or plan administrator of a group employee benefit plan, The Brockman Site Development Health Plan, and/or similar employer-sponsored health and welfare plans that provided medical insurance for Defendant's employees through Humana, including Plaintiff, during the proposed Class Period.

20. Prior to his termination, the Named Plaintiff was a full-time employee of Defendant for approximately three years.

21. On December 15, 2024, or within 30 days thereof, the Named Plaintiff was terminated from his employment, without cause on his part, by the Defendant.

22. On December 15, 2024, or within 30 days thereof, the Named Plaintiff and approximately 90 other employees of the Defendant were terminated without cause on their part as part of or as the reasonably expected consequence of the terminations that occurred on or about December 15, 2024.

## COUNT I: THE CLAIM FOR RELIEF UNDER THE WARN ACT

23.     On December 15, 2024, or within 30 days thereof, the Named Plaintiff and the putative class members learned for the first time that Defendant was terminating their employment.

24.     Defendant failed to provide the Named Plaintiff and the putative class members with a compliant WARN Act notice at least 60 days prior to their termination.

25.     At a minimum, WARN Act notices must contain: (i) the name and address of the employment site where the plant closing or mass layoff will occur, and the name and telephone number of a company official to contact for further information; (ii) a statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect; (iii) the expected date of the first separation and the anticipated schedule for making separations; and (iv) the job titles of positions to be affected and the names of the workers currently holding affected jobs.

26.     To date Plaintiff has not received a compliant WARN Act notice.

27.     At all relevant times, the Defendant employed 100 or more employees, exclusive of part-time employees, *i.e.,* those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given (the "Part-Time Employees"), or

employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

28. The terminations/layoffs of approximately 90 employees, excluding Part-Time Employees, occurred on or about December 15, 2024.

29. The terminations on or about December 15, 2024, of employees at the Facility, or as a reasonably foreseeable consequence of those terminations, resulted in the loss of employment for at least 33% of the Facility's employees excluding Part-Time Employees.

30. The Named Plaintiff and the Putative Class Members were discharged without cause on their part on or about December 15, 2024, or thereafter, as the reasonably expected consequence of the terminations that occurred on or about December 15, 2024.

31. The Named Plaintiff and each of the other Putative Class Members experienced an employment loss as part of or as the reasonably expected consequence of the mass layoff and/or plant closing that occurred on or about December 15, 2024.

**WARN ACT CLASS ACTION ALLEGATIONS UNDER COUNT I**

32. As for Count I, The Plaintiff and the Putative Class Members constitute a Class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

33. Specifically, the Named Plaintiff seeks to certify the following WARN Act class:

> All persons employed by Defendant, who worked at or reported to 4000 Pipe Down Cove, Sanford, FL 32771, who were laid off on or about December 15, 2024, or within thirty days of that date or thereafter as part of, or as the reasonably expected consequence of, a mass layoff (as defined by the WARN Act), who do not timely opt-out of the class (the "Class").

34. Each of the Putative Class Members is similarly situated to the Plaintiff with respect to his or her rights under the WARN Act.

35. Common questions of law and fact are applicable to all members of the Class.

36. The common questions of law and fact arise from and concern the following facts, among others: that all Putative Class Members enjoyed the protection of the WARN Act; that all Putative Class Members were employees of the Defendant who worked at the Facility; that the Defendant terminated the employment of all the members of the Class without cause on their part; that the Defendant terminated the employment of Putative Class Members without giving them at least 60 days' prior written notice as required by the WARN Act; that the Defendant failed to pay the Putative Class Members wages and to provide other employee benefits for a 60-day period following their respective terminations; and on information and belief, the issues raised by an affirmative defenses that may be asserted by the Defendant.

37. The Named Plaintiff's claims are typical of the claims of the other members of the Class in that for each of the several acts of Defendant described

above, the Plaintiff and the other Putative Class Members is an injured party with respect to his/her rights under the WARN Act.

38. The Named Plaintiff will fairly and adequately protect and represent the interests of the Class.

39. The Named Plaintiff has the time and resources to prosecute this action.

40. The Named Plaintiff has retained the undersigned counsel who have had extensive experience litigating WARN Act claims, employee rights' claims, and other claims in Federal court.

41. The Class is so numerous as to render joinder of all members impracticable in that there are approximately 90 members of the Class.

42. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members.

43. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

44. No Putative Class Member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

45. No litigation concerning the WARN Act rights of any Class member has been commenced to the undersigned's knowledge.

46. Concentrating all the potential litigation concerning the WARN Act rights of the Putative Class Members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties, and is the most

efficient means of resolving the WARN Act rights of all the Putative Class Members.

47. On information and belief, the names of all the Putative Class Members are contained in Defendant's books and records.

48. On information and belief, a recent residence address of each of the Putative Class Members is contained in Defendant's books and records.

49. On information and belief, the rate of pay and the benefits that were being paid or provided by Defendant to each Class member at the time of his or her termination are contained in Defendant's books and records.

50. As a result of Defendant's violation of the WARN Act, each Putative Class Members is entitled to recover an amount equal to the sum of: (a) his/her respective wages, salaries, commissions, bonuses and accrued pay for vacation and personal days for the work days in the 60 calendar days prior to their respective terminations and fringe benefits for 60 calendar days prior to their respective terminations; and (b) his/her medical expenses incurred during the 60-day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plan had that plan provided coverage for such period.

51. Defendant failed to pay the Plaintiff and the other Putative Class Members for the Defendant's violation of the WARN Act in an amount equal to the sum of or any part of the sum of (a) their respective wages, salary, commissions, bonuses and accrued pay for vacation and personal days for the work days in the

60 calendar days prior to their respective terminations and fringe benefits for 60 calendar days prior to their respective terminations; and (b) their medical expenses incurred during the 60 calendar days from and after the date of his/her termination that would have been covered under the Defendant's benefit plans had those plans remained in effect.

52. The Named Plaintiff hereby demands a jury trial of all issues that may be so tried.

**WHEREFORE**, as for Count I, the Named Plaintiff demands judgment as follows:

A. In favor of the Named Plaintiff and each Putative Class Members against the Defendant equal to the sum of: (a) wages, salary, commissions, bonuses, accrued pay for vacation and personal days, for 60 days; (b) pension, 401(k) contributions, health and medical insurance and other fringe benefits for 60 days; and (c) medical expenses incurred during the 60 day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plans had coverage under that plan continued for such period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A).

B. Appointment of the Named Plaintiff as Class Representative;

C. Appointment of the undersigned as Class Counsel;

D.     In favor of the Named Plaintiff for the reasonable attorneys' fees and the costs and disbursements of prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104 (a)(6).

E.     Interest allowed by law;

F.     Such other and further relief as this Court deems just and proper.

## COUNT II – VIOLATION OF ERISA'S COBRA NOTICE REQUIREMENT

53.     Defendant violated ERISA by failing to timely provide participants and beneficiaries in the Plans with adequate notice, as prescribed by COBRA, of their right to continue their health coverage upon the occurrence of a "qualifying event" as defined by ERISA.

54.     The COBRA amendments to ERISA include certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event" as defined by the statute.

55.     Among other things, COBRA requires the plan sponsor of each group health plan normally employing more than 20 employees on a typical business day during the preceding year to provide "each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event … to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161.

56.     Notice is of critical importance. The COBRA notification requirement exists because employees are not expected to know about their right to continue their

healthcare coverage. Such notice is not only required to be delivered to covered employees but also to qualifying beneficiaries.

57. COBRA further requires the administrator of such a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4). This notice must be "[i]n accordance with the regulations prescribed by the Secretary" of Labor. 29 U.S.C. § 1166(a).

58. To facilitate compliance with these notice obligations, the U.S. Department of Labor ("DOL") has issued a Model COBRA Continuation Coverage Election Notice ("Model Notice"), which is included in the Appendix to 29 C.F.R. § 2590.606-4. The DOL website states that the DOL "will consider use of the model election notice, appropriately completed, good faith compliance with the election notice content requirements of COBRA."

59. In the event that a plan administrator declines to use the Model Notice and fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, the administrator is subject to statutory penalties of up to $110 per participant or beneficiary per day from the date of such failure. 29 U.S.C. § 1132(c)(1).

60. In addition, the Court may order such other relief as it deems proper, including but not limited to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and

payment of attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1). Such is the case here. Defendant failed to use the Model Notice and failed to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, as set forth below.

61.  During Plaintiff's tenure of employment by Defendant, Plaintiff received employer-sponsored health insurance coverage and benefits under the Plan.

62.  Plaintiff experienced a qualifying event under COBRA.

63.  Specifically, Plaintiff's employment with Defendant was terminated on December 15, 2024, and his health insurance coverage ended, however, Defendant failed to provide Plaintiff with a COBRA Continuation Coverage Election Notice (the "Notice"). Upon information and belief, those similarly-situated putative class members also failed to receive a timely COBRA notice.

64.  In violation of 29 C.F.R. § 2590.606-4(b)(4), Defendant failed to provide any COBRA notice after Plaintiff's termination of employment on or about December 15, 2024, let alone one that complied with the requirements of 29 C.F.R. § 2590.606-4(b)(4).

65.  Defendant's failure to provide Plaintiff a COBRA notice resulted in Plaintiff's inability to make an informed decision as to electing COBRA continuation health insurance coverage.

66.  In fact, Plaintiff was unable to elect COBRA because of Defendant's

14

failure to provide a COBRA notice and, as a result, Plaintiff lost health insurance coverage. He also incurred out-of-pocket medical expenses that caused him further economic injury as a result of Defendant's failure to provide him with a COBRA notice.

67. Defendant's failures to provide any COBRA notification deprived Plaintiff and similarly situated persons the opportunity to make an informed decision about continuation of healthcare insurance coverage for themselves and their families.

68. Had Plaintiff received a timely COBRA and compliant COBRA notice, he would have elected continuation coverage as he had ongoing medical issues that required continued care and treatment.

69. As a result of Defendant's failure to provide a COBRA notice, Plaintiff was unable to elect continuation coverage, lost his health insurance, and then incurred economic damages in the form of out-of-pocket medical expenses that would have been covered by COBRA continuative coverage

70. Besides a paycheck, health insurance is one of the most valuable things employees get in exchange for working for an employer like Defendant. Insurance coverage has a monetary value, the loss of which is tangible and an economic harm. Plaintiff and the putative class members each suffered said harm.

## ERISA CLASS ALLEGATIONS UNDER COUNT II

71. As for Count II, Plaintiff brings this action as a class action pursuant to

the Federal Rules of Civil Procedure on behalf of the following persons:

> All participants and beneficiaries in the Brockman Site Development Health Plan who were not provided with a timely and compliant COBRA Continuation Coverage Election Notice by Defendant as a result of a qualifying event, that occurred within the applicable statute of limitations period, as determined by Defendant's records, and did not elect continuation coverage.

72. No administrative remedies exist as a prerequisite to Plaintiff's claims on behalf of the Putative Class. Any efforts related to exhausting such remedies would be futile.

73. <u>Numerosity</u>: The Class is so numerous that joinder of all Class members is impracticable. On information and belief more than one hundred persons participated in the Plan during the applicable statute of limitations period prior to the filing of this lawsuit, and more than 40 of those participants satisfy the definition of the Class.

74. <u>Typicality</u>: Plaintiff's claims are typical of the Class. Defendant failed to provide Plaintiff a timely and compliant COBRA notice, and therefore Plaintiff's claims are typical of all Class Members who did not receive a timely COBRA notice after a qualifying event.

75. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Class members, Plaintiff has no interests antagonistic to the Class, and has retained counsel experienced in complex class action litigation.

76. <u>Commonality</u>: Common questions of law and fact exist as to all

members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

- Whether the Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

- Whether Defendant failed to provide a form of COBRA notice that complied with the requirements of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

- Whether statutory penalties should be imposed against Defendant under 29 U.S.C. § 1132(c)(1) for failing to comply with COBRA notice requirements, and if so, in what amount;

- The appropriateness and proper form of any injunctive relief or other equitable relief pursuant to 29 U.S.C. § 1132(a)(3); and

- Whether (and the extent to which) other relief should be granted based on Defendant's failure to comply with COBRA notice requirements.

77. Class Members do not have an interest in pursuing separate individual actions against Defendant, as the amount of each Class Member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant' practices and the adequacy of its COBRA notice. Moreover, management of this action as a class

action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.

78. Plaintiff intends to send notice to all Class Members to the extent required under the Federal Rules of Civil Procedure. The names and addresses of the Class Members are available from Defendant' business records.

**WHEREFORE**, as for Count II, Plaintiff prays that judgment be entered against Defendant and requests that the Court awards the following relief:

A. Designation of Plaintiff as a Class Representative and designation of Plaintiff's counsel as Class Counsel;

B. A determination that this action may proceed as a class action under Rule 23(b)(1), or in the alternative, Fed. R. Civ. P. 23(b)(2);

C. Ordering Defendant to issue notice to the Class at Defendant' expense;

D. Declaring that Defendant violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 by failing to send Plaintiff and the Class a compliant COBRA notice;

E. Awarding statutory penalties to the Class pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for each Class Member who was not sent a compliant COBRA notice by Defendant;

F. Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including but not limited to an order enjoining Defendant from any

further violations of its COBRA responsibilities, obligations, and duties;

    G.    Other equitable relief to redress Defendant' violations of COBRA;

    H.    An award of pre-judgment interest;

    I.    Awarding costs pursuant to 29 U.S.C. § 1132(g);

    J.    Awarding attorneys' fees pursuant to 29 U.S.C. § 1132(g) and the common fund doctrine; and

    K.    Granting such other and further relief, in law or equity, as the Court deems appropriate.

Dated this 19th day of November, 2025.

    Respectfully submitted,

*/s/Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, FL 33602
Main No.: 813-224-0431
Direct No.: 813-379-2565
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: lcabassa@wfclaw.com
Email: aheystek@wfclaw.com

***Attorneys for Named Plaintiff***